## GENTRY v. LANNEAU.

1. FRAUD—DEEDS—DEBTOR AND CREDITOR.—A subsequent creditor with notice of a deed by his debtor without consideration, cannot have it set aside without proof of actual moral fraud.

2. EVIDENCE—PRESUMPTION.—A DEED without consideration by an insolvent debtor, or one largely indebted, is not a presumption of a fraudulent transfer as against a subsequent creditor with notice.

Before WATTS, J., Greenville, September, 1897. Affirmed.

Action by Samuel C. Gentry, suing for himself and other creditors of Charles H. Lanneau, against Charles H. Lanneau, Autorinetto Lanneau, and Charles H. Lanneau, jr., to set aside conveyance of land.

From judgment dismissing complaint, plaintiff appeals.

*Messrs. Shuman & Dean,* for appellant, cite: *Deeds of gift by one largely indebted are fraudulent as to his creditors:* 1 McC., 518; 1 Hill Ch., 304; 5 Strob. L., 205; 2 N. & McC., 54; 14 Rich. L., 100; 97 U. S., 307. *Rule as to subsequent creditors:* 30 N. J. Eq., 211; Harp. Eq., 295; McC. Ch., 520; 19 Rich., 231; 16 S. W., 393; 2 Bail. L., 118, 128. *Party in whose favor decree is should not serve exceptions, but give notice of additional grounds:* 15 S. C., 37. *Respondent should have disclosed his condition to appellant at time of loan:* L. R., 2 Ch., 55; 97 U. S., 307; Bail. Eq., 228. *Assignment of property in which assignee reserves an interest, is void as to creditors:* 23 S. C., 424; Cheves. Eq., 71; McM. Eq., 27; 1 Hill Ch., 297; 29 S. C., 395. *Recording will not relieve transaction of fraud:* 2 Bail., 205; 14 Rich., 100; 38 S. C., 496 *Subsequent creditors may assail deed for fraud:* 22 S. C., 512; 4 McC., 308; 2 Bail., 128; 5 Strob., 205; 38 S. C., 496.

*Messrs. Wells, Ansel & Cothran,* contra, cite: *Rule as to judging of solvency:* Bail. Eq., 228; 1 Bail., 175; 3 S.

C., 498; 3 Eng. Rep., 701. *When subsequent creditors may attack voluntary conveyance:* Bail. Eq., 130; 2 Ib., 141; 2 N. & McC., 335; 14 Rich., 95; 22 S. C., 498; 38 S. C., 498; 112 U. S., 144; 106 U. S., 260; 4 McC., 305; Rich. Eq. Cases, 185; 1 Hill Ch., 121; 2 Hill Ch., 617; 2 McM., 508; 1 Bail., 341, 585, 587; 51 Tex., 457; 27 Ib., 407; 79 Pa. St., 459; 39 Ib., 499; 11 Tex., 478; 72 Ib., 470; 52 Barb., 39; 55 Tex., 53; 34 Miss., 708; 75 Ala., 363; 34 N. Y., 508. *Recording is proper notice:* 9 Rich. Eq., 496; 10 Rich. Eq., 353; 6 Rich., 437; Bail. Eq., 6. *Residence of defendant on land cannot effect transaction:* 34 S. C., 401; 4 DeS., 234; 21 S. C., 385; 1 Bail., 587, 575; 29 S. C., 395; 3 Rich. Eq., 33. *The cases of* Harp. Eq., 295; 2 Bail., 128; 1 Hill Ch., 297; 3 Strob., 565, *cited by appellant, when stripped of obiter dicta, and properly analyzed, do not conflict with before-mentioned principles. Objection to master's report must be taken by exceptions:* Code, 294; 43 S. C., 103.

March 25, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. In this action, a subsequent creditor seeks to set aside a voluntary deed by a debtor to his wife and son, which was duly recorded prior to the contraction of the debt. The general rule on this subject is thus stated in *Jackson* v. *Plyler*, 38 S. C., 498, by Chief Justice McIver, speaking for the Court: "While it is unquestionably true that the mere fact that a deed is without consideration—a voluntary deed—will not render it fraudulent as to subsequent creditors, especially when they have notice; yet if, in addition to its being voluntary, it was made with a view to future indebtedness, or attended with some circumstances of fraud other than what arises from its being voluntary, then it may be declared null and void for fraud, even at the instance of subsequent creditors. While, therefore, an *existing* creditor may assail a voluntary deed, even though executed without any evil intent or fraudulent

purpose whatever, and even if the motive which prompted the act should be of the most praiseworthy character, yet a *subsequent* creditor is not permitted to do so without showing some actual moral fraud." *Walker, Evans & Cogswell v. Bollman Bros.,* 22 S. C., 529, and cases therein cited. In other words, when a subsequent creditor with notice attacks the voluntary deed of his debtor, there is no irrebutable presumption of fraud arising from the fact that the transfer is without consideration, and the fact of indebtedness at the time; but all the circumstances must be weighed by the Court or jury trying the issue, for the purpose of ascertaining whether fraud, actual and positive, as distinguished from what is called "legal fraud," really existed at the time. The master, whose judgment was reversed by the Circuit Court, rested his conclusion that the deed was fraudulent in this case on this as one of his conclusions of law: "A voluntary conveyance by one insolvent, or largely indebted at the time, will be deemed fraudulent, and presumed to be made with intent to hinder, delay or defraud creditors, and being void as to existing creditors, is void as to all the subsequent as well as prior."

It is thus manifest that the master overlooked the distinction between existing and subsequent creditors, and gave to the fact that the deed was without consideration, and the grantor insolvent, or largely indebted, the probative force such facts would have in case existing creditors were attacking the transfer. These certainly were facts to be considered in ascertaining the existence of actual fraud, but such facts do not raise a conclusive presumption of law that the transfer is fraudulent as to subsequent creditors. It is true, that the evidence shows that the defendant, Lanneau, was largely indebted at the time of the transfer, but it also shows that he honestly believed he had abundant means to pay his debts, estimating his property outside of the premises conveyed to be worth over $30,000 more than his liabilities. His belief that his creditors were amply provided for by the remaining property, was not un-

reasonable, for a banker, acquainted with his property and liabilities, regarded him solvent outside of the property conveyed. At the time of the transfer, September 23d, 1891, he was operating a cotton mill which he owned, and it is not disputed that he was then doing a prosperous business. This mill, which had been recently built, was comparatively new, and cost him $50,000. Owing to the disastrous panic of 1893, he closed the mill in July of that year. The mill was sold in October, 1894, and such property having depreciated in value, it was sold for $25,500. All of the debts existing at the time of the transfer have been settled, and no existing creditor is, therefore, complaining or interested in this controversy. The master did not find as a fact, that Lanneau made the conveyance with any actual intent to hinder, delay or defraud his existing creditors, nor did he find as a fact that he intended to hinder, delay and defraud his subsequent creditors by contracting future debts and avoiding their payment by means of the deed to his wife and son. And there was no exception taken to the failure of the master to so find. Without, therefore, going into any extended examination of the circumstances, we may assume that the plaintiff has failed to establish the existence of actual fraud. This being so, he has no standing in Court, and it is wholly unnecessary to consider in detail the numerous grounds of appeal. We may say, however, that we concur with the Circuit Court, that the circumstances do not warrant an inference that the deed in question was executed with intent to defraud.

The judgment of the Circuit Court is affirmed.