MERCHANTS AND PLANTERS BANK v. BLACKSBURG SPINNING AND KNITTING MILL.

PLEADINGS—NOTES—INDORSERS.—A COMPLAINT setting out a note in full, including indorsements, alleging execution and delivery, that indorsements were made before delivery for purpose of securing payment of note and a certain amount due plaintiff by defendants, sufficiently alleges a promise, consideration and breach by maker.

Before GAGE, J., Cherokee, March, 1904. Affirmed.

Action by Merchants and Planters Bank against Blacksburg Spinning and Knitting Mill, J. F. Whisonant, Alonzo Tripp, R. E. Porter, T. L. Black, G. M. Cline and Jno. F. Jones. From order overruling demurrer, defendants, Whisonant, Porter, Cline and Jones, appeal.

*Mr. Geo. W. S. Hart,* for Whisonant, appellant.

*Mr. N. W. Hardin,* for Porter, Cline and Jones, appellants.

*Messrs. Hall & Willis* and *Butler & Osborne,* contra.

No arguments furnished Reporter.

The opinion in this case was filed April 8, 1905, but upon petition to correct error, remittitur was held up until

April 24, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The appeal herein is from an order overruling a demurrer to the complaint.   The suit was upon three notes, each stated as a separate cause of action.   The following allegations taken from the statement of one of the causes of action, will be sufficient to show the questions involved:

"(2) That at the time hereinafter stated, the Blacksburg Spinning and Knitting Mill was and now is a corporation created under the laws of this State, and that J. F. Whisonant was its president, and William Anderson was its secretary and treasurer, and that the said J. F. Whisonant and William Anderson were its duly authorized officers and agents through whom it contracted debts, made its obligations, etc.

"(3) That on the 22d day of November, 1902, the said Blacksburg Spinning and Knitting Mill, being indebted by note to plaintiff and desiring to renew said note and to give the plaintiff ample security for said debt through its officers, executed and delivered to the plaintiff the following note:

"'$1,000.               Gaffney, S. C., Nov. 22, 1902.

"'On Feb. 22, 1903, after date, we promise to pay to the order of ourselves one thousand ($1,000) dollars, value received, negotiable and payable at the Merchants & Planters Bank, Gaffney, S. C.   If not paid at maturity, interest thereafter to be paid at the rate of eight per cent. per annum.

"'(Signed)   Blacksburg Spinning & Knitting Mill.
"'By J. F. Whisonant, President.
"'By William Anderson, Sec. & Treas.'

"That on the back of said note, and in the following order, were written the following names: Blacksburg Spinning & Knitting Mill, by J. F. Whisonant, president; by William Anderson, secretary and treasurer; Alonzo Tripp, J. F. Whisonant, William Anderson, R. E. Porter, T. L. Black, G. M. Cline, John F. Jones.

"(4) That the foregoing names were jointly indorsed on said note by the parties aforesaid before its delivery to the plaintiff and for the purpose of securing the payment of said note to plaintiff.

"(5) That said note became due on February 22, 1903, and payment thereof having been duly demanded on its maturity by plaintiff and being refused, the note was duly protested and notices of the demand, protest and of dishonor were served upon the defendants herein.

"(6) That there is now due plaintiff on said note by the defendants the sum of $1,000, with interest from February 22, 1903, at eight per cent. per annum, together with eighty cents protest fees, no part of which has been paid."

The several defendants, above designated as appellants, demurred to the complaint for insufficiency in that

"(1) It fails to allege any promise on the part of said defendant. (2) Fails to allege any consideration for any promise on the part of defendant. (3) Fails to allege any breach of any promise on the part of defendant."

We think the demurrer was properly overruled by the Circuit Court. The consideration, the promise and its breach all sufficiently appear in the complaint. Section 183 of the Code of Civil Procedure provides: "In an action or defense founded upon an instrument for the payment of money, it shall be sufficient for a party to give a copy of the instrument and to state that there is due to him thereon from the adverse party a specified sum which he claims." The complaint in this case fully complies with the above provision of the Code and shows the nature of the action and the facts upon which it is based quite as clearly as the com-

plaint sustained in *Watson* v. *Barr,* 37 S. C., 466, 16 S. E., 188.

. The judgment of the Circuit Court is affirmed.