SCHOOLER v. TILDEN, *Appellant.*

**Promissory Note:** BLANK FOR NAME OF PAYEE. It is not indispensable to the validity of a promissory note that the name of the payee shall be inserted at the time of its execution and delivery. A blank may be left for the name, which may afterward be filled by any *bona fide* holder.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Harding & Buller* for appellant, cited 1 Parsons Notes and Bills, 33, note k; Story Promissory Notes, §§ 33, 37, 38; *Seay v. Bank,* 3 Sneed (Tenn.) 558; *Gibson v. Minet,* 1 H. Bl. 569, 608.

*E. J. Montague* for respondent, cited 1 Daniel Negot. Instr., §§ 145, 146, 175; Story on Bills, § 175; *Brummel v. Enders,* 18 Gratt. 895; *Cruchley v. Clarance,* 2 Maule & Sel. 90.

NAPTON, J.—This was an action to recover of defendant the amount paid by plaintiff to the First National Bank of Carthage on a note executed by the defendant and plaintiff jointly, on which plaintiff was security.

The first defense was that the note was void, because the name of the payee in it was left blank. There was no dispute that plaintiff paid it after maturity, and that the amount of principal and interest on it at the date of his payment was $311.66, the sum now sued for. It is scarcely necessary to say that this defense was without merit, morally or technically. Had it been necessary for the holder to sue on the note, the holder would have been obliged to fill up the blank; but the plaintiff, one of the makers, paid it without suit. The present suit is not on the note, but upon this payment of money for the benefit of defendant, and as his security. The money was borrowed from the bank by defendant, and the blank in the note for it was left, as is not unusual, for its convenience, in case of its transfer to another, that the name of the transferree might be inserted, without rendering the bank responsible as indorser. As observed by Judge Story, in his work on bills of exchange, " It is not indispensable that the name of the payee should be inserted in the bill at the time when it is made and delivered to the person for whose benefit it is intended, but a blank may be left for the name; and, although it is not then a perfect bill, yet the blank may be filled up afterward by any *bona fide* holder, in his own name as payee, and henceforward it will be deemed a bill payable to such holder, as payee *ab initio*." Story on Bills, chap. 3, § 54.

The second defense was, that defendant had given plaintiff a bill of sale for some corn on his farm, worth at the outside $140, which plaintiff took as a consideration for paying off this note. This was denied, and the question on this point was simply one of fact, on which the evidence was unequivocally against the defense. It was clear that plaintiff never received any of the corn, and that he took the bill of sale at the instance of defendant, who suggested that judgments were out against him, and it might be taken on execution. The only proof to sustain the defense was the evidence of the defendant himself and

his character for veracity was attacked.    However that may have been, the court found against this defense upon evidence entirely satisfactory, and this kind of defense against one who had kindly become his security and voluntarily paid off the debt is not calculated to produce a favorable impression, however unfounded may have been his reputation for veracity.    The point, at all events, is not for our review.    Judgment affirmed.