WATSON v. BARR.

1. SINGLE BILL—MAKERS—ENDORSEMENT.—Where third persons, not parties to a single bill, endorse their names on the back thereof, and it is then delivered to the payee, such endorsers are liable as makers.

2. IBID.—SURETIES—DEFENCES.—An answer which fails to deny any of the

material allegations of a sufficient complaint, and, as affirmative defence, alleges only forbearance by plaintiff to sue the principal debtor, or give notice to defendants of the non-payment of the debt for three years, does not state facts sufficient to constitute a defence by the defendants, the sureties on a single bill.

3. DEMURRER—FACTS stated in a pleading, which is demurred to, are taken to be true in the determination of the demurrer. The value of such facts may be estimated, but not their truth.

Before WITHERSPOON, J., Anderson, July, 1891.

This action was commenced in January, 1891. The opinion states the case.

*Mr. E. B. Murray*, for appellants.

*Mr. J. L. Tribble*, contra.

November 7, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. This action came on for trial at the June term, 1891, of the Court of Common Pleas for Anderson County, before his honor, Judge Witherspoon, and a jury. The verified complaint was as follows: 1. That this action is founded upon an instrument, for the payment of money only, made and delivered by the defendants to the plaintiff, of which the following is a copy: "Anderson, S. C., Feb. 22, 1888. One day after date I promise to pay W. B. Watson, or bearer, five hundred and sixty-two and 69–100 dollars, for value received. Witness my hand and seal. W. F. Barr [L. S.] J. Feaster Brown. W. D. Brown"—the last two names being signed on back of said note. 2. That no part thereof has been paid, except the sum of thirty-nine and 91–100 dollars, balance of guano account, credited on said note May 1, 1889, and there is now due and owing this plaintiff on said note by said defendants the sum of five hundred and sixty-two and 69–100 dollars, with interest thereon at the rate of seven per cent. from 22d of February, 1888, less said credit of $39.91, which plaintiff claims and demands judgment for, together with the costs of this action.

The defendants, J. Feaster Brown and W. D. Brown, answered as follows: For a first defence: I. That the complaint does not state facts sufficient to constitute a cause of action against these defendants, and they ask the same benefit thereof as if said complaint had been specially demurred to. For a second defence: II. These defendants do not admit that they are joint makers with said W. F. Barr of said sealed note, but allege that it is a debt of said W. F. Barr, and that they wrote their names across the back thereof. For a third defence: III. That the said plaintiff could have made his money against said W. F. Barr, who is now insolvent, by using due diligence in the prosecution of said demand against him within a reasonable time, and for want of due diligence, and having delayed an unreasonable time, to wit, three years, they submit that they cannot be held liable for said debt. For a fourth defence: IV. That the said W. F. Barr is now insolvent; that the plaintiff neglected to give notice of the non-payment of said note until said insolvency; that these defendants supposed it had been paid until within the last five months; that by plaintiff's *laches* the said debt has been lost as to said Barr, and they submit that they are discharged from said supposed liability. Wherefore, they demand judgment, that said complaint as to these defendants be dismissed.

At the trial before Judge Witherspoon, judgment by default was taken against the defendant, W. F. Barr, who failed to answer. The demurrer of the defendants to the plaintiff's complaint was first heard and overruled, by an order therefor. The plaintiff then demurred to the answer of defendants, because the same failed to allege facts sufficient to constitute a defence. This demurrer was sustained, and an order for judgment given. After judgment had been duly entered, the defendants, who answered, appealed, on the following grounds: 1. Because his honor erred in overruling the demurrer interposed by the defendants, J. Feaster Brown and W. D. Brown, and in failing to sustain the same. 2. Because his honor erred in sustaining the plaintiff's demurrer to the answer, when he ought to have overruled the same. 3. Because his honor erred in passing upon the questions of fact raised by the answer

upon an oral demurrer, whereas, for the purposes of the hearing, the demurrer admitted the facts alleged in the answer, and should have been overruled.

1. Was the complaint defective in form? It complied with all the requirements of the Code, sections 163, 183. Was the complaint defective in substance, or, in other words, admitting all the allegations of the complaint to be true, was the plaintiff entitled to recover? Of course, the only difficulty suggested is, that the note being unnegotiable, being a sealed note of the principal obligor, W. F. Barr; that, as to the two Browns, not being under seal as to them, and their names being written across the back of the note, the plaintiff could not recover against them as makers. Now, the complaint alleges that the three defendants delivered the note to him; when delivered, it was payable to the plaintiff, and that the defendants owe the debt. This is not the case of the payee or obligee of a sealed note, merely signing his name on the back, when he transferred the note, as was the case of *Tryon* v. *DeHay*, 7 Rich., 12; nor such endorser after maturity of sealed note, as was the case of *Garrett* v. *Butler*, 2 Strob., 193. But it belongs to that class of cases that hold, that, where a third person writes his name anywhere on the note to evidence that he holds himself out as responsible to the payee or bearer for the payment of the note, he is, and should be, treated as a maker of the note. *Stoney* v. *Beaubien*, 2 McMull., 319; *Baker* v. *Scott*, 5 Rich., 310; *McCreary* v. *Bird*, 12 *Id.*, 556. In the case of *Tryon* v. *DeHay*, *supra*, where, as it was stated, the mere endorsing the holder's and payee's name on a sealed note when transferring to another after maturity, would not subject him to liability as a maker, Judge Witherspoon said: "If a third person should connect his name with such a paper, one who was not a party originally, we should naturally attribute to such act a desire to assume liability in some form," &c. The case at bar is stronger, for here these defendants signed the note as makers before delivery to plaintiff. It is useless to discuss the law. It is too long settled to need fresh ventilation.

2. Did the answer, when construed in the light of the provi-

sions of our Code, in form traverse the issues tendered by the plaintiff in his complaint? We have reproduced the pleadings in order that this may the more readily be seen and considered. This court has decided, in *Lupo* v. *True*, 16 S. C., 586, the principles underlying the construction of the answer, so far as defences therein set up are concerned. In view of that enunciation of the law, have the defendants traversed the substantial issues tendered by the plaintiff? They do not deny that they are makers; they simply content themselves with a refusal to *admit* that they are such. They do not deny their signatures; they admit them as they are charged in the complaint. They do not deny the note, its amount, date, terms, interest. We are obliged to hold that the answer does not in form traverse the issues of the complaint.

But did the answer set up an affirmative defence or defences, that, if admitted to be true, would entitle defendants to any relief? Surely it will not be contended at this late day, that merely forbearing to sue a principal for the space of three years, when no request is made therefor by the sureties, will release such sureties. Not that plaintiff's failure to give notice of the non-payment of his debt to the sureties for the space of three years, makes him guilty of such *laches* that the sureties should be discharged from their liability. It seems to us that sureties have some duty to perform themselves. The law so holds. They can become quite aggressive in the assertion of their rights to the protection of the court. They may pay the debt themselves, and recover against their principal. Such surety may sue and recover against his principal and cosurety. The surety can file a bill to force the principal to collect his debt. *Norton* v. *Reid and Sitton*, 11 S. C., 593. The history of this last case is instructive, but we have not the time to pursue the matter.

3. We are unable to see how the Circuit Judge did, or could, pass upon the facts as stated in the answer. When demurred to for insufficiency, they are, for the purposes of the argument, taken as true. Their value, when so admitted to be true, may be estimated, but not their truth. The

"Case" fails to disclose any ground of objection here, nor can we see how such a question arose.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.