JOHNSTON v. McDONALD.

1. NOTES—ENDORSEMENT BY STRANGER.—Where a note is made by A payable to B, and the name of C is written across the back, C is neither endorser nor guarantor; nor is he liable as maker unless it is shown that his name was so written before the delivery of the note to the payee, whether the note be negotiable, or, as in this case, unnegotiable.[1]

2. IBID.—IBID.—PRESUMPTIONS.—The name of a third person found endorsed on a note by one party to another raises no presumption that such endorsement was written before the delivery of the note.

Before GARY, J., Fairfield, September, 1893.

Action by S. R. Johnston, as judge of probate and public guardian, against J. E. McDonald on the following note: "$260. On the 1st day of December after date, I promise to pay to J. R. Boyles the sum of two hundred and sixty dollars, with interest at the rate of seven per centum, for value received. This 15 day of April, 1886," signed by W. L. McDonald, endorsed by J. E. McDonald, and assigned by the payee to this plaintiff. A motion for non-suit was granted, the court saying: "The defendant in this case is sued as surety. That being the case, his liability would not accrue until the principal failed to pay the debt; he simply undertakes to pay the debt of the principal, and plaintiff having failed to prove that demand was made, has failed to establish any cause of action against the defendant. The surety undertakes to guarantee the good faith of the principal, and in order to make the surety liable, the plaintiff must

---

[1] See full note on this subject in 18 L. R. A., 33.

show that demand was made on the principal, and he failed to pay the debt. Upon that ground the non-suit is granted. It has not been shown that the principal has not complied with his contract. Motion is sustained." The plaintiff by his exceptions alleged error in this ruling, and the defendant alleged as an additional ground: 1. That there being no proof to show that the defendant wrote his name on the back of the note at the time of execution, or before delivery, there was nothing to show, *as matter of fact*, that he was a maker of the note.

*Mr. W. D. Douglass*, for appellant.

*Messrs. Ragsdale & Ragsdale*, contra.

March 14, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action to recover the amount due on a promissory note, dated 15th of April, 1886, whereby one W. L. McDonald promised to pay, on the 1st day of December after date, to one J. R. Boyles, the sum of $260, with interest, &c. The name of the defendant, J. E. McDonald, is written across the back of the note, and below that is written the assignment of the note to J. A. Hinnant, judge of probate and public guardian, signed by J. R. Boyles, and dated 27th of January, 1887. In the complaint it is alleged: 1st. That the said W. L. McDonald executed and delivered the said note to the said J. R. Boyles. 2d. "That the said promissory note was endorsed by the defendant, J. E. McDonald, by writing his name on the back thereof, and he thereby promised to pay to the said J. R. Boyles the said sum of money, with interest as aforesaid, and was delivered so endorsed to the said J. R. Boyles." 3d. That the note so endorsed was duly assigned to the said J. A. Hinnant, judge of probate and public guardian, on the 27th of January, 1887. 4th. That the plaintiff is the duly elected and qualified successor of the said Hinnant in the said office of judge of probate, and as such is the legal owner and holder of the said note.

The defendant in his answer sets up several defences: 1st. A general denial of each and every allegation contained in the complaint. 2d. That no demand was made for payment of

said note at maturity, and no notice of non-payment given, and no protest was made.   3d. That the endorsement of said note by defendant was without consideration.

The plaintiff offered testimony tending to show the genuineness of the several signatures on the note and its endorsements, and that he was the successor in office of the said Hinnant, and closed his case.   Thereupon the defendant moved for a non-suit, upon the ground, substantially, that there was no testimony tending to show that the defendant ever made any promise to pay the note.   The motion for a non-suit was granted, and the plaintiff appeals from the judgment entered thereon, upon the several grounds set out in the record; and the defendant gives notice that he will seek to sustain the non-suit upon certain additional grounds likewise set out in the record.

Under the view which we take of this case we do not deem it necessary to consider these grounds *seriatim*, for, as we understand it, the real question in the case is, whether the mere fact that the defendant wrote his name across the back of the note (at what time does not appear) is sufficient to make the defendant liable as one of the makers of the note.   For it is not contended, and cannot well be, for reasons which it is needless to state here, that the defendant can be held liable either as endorser or as guarantor; and if he cannot be held liable as maker, he cannot be held liable at all.

There can be no doubt that the authorities cited by the counsel for appellant conclusively show that a third person may, under certain circumstances, make himself liable, as one of the original makers, on a note signed by one person, payable to another, by simply writing his name across the back of a note, whether it be negotiable in form, or unnegotiable, as the note here in question is, inasmuch as it is not payable to order or to bearer.   But in order to fix such liability upon a third person who has written his name across the back of a note made payable by one person to another, it is necessary for the holder to show that such endorsement was made at the time, or before, delivery of the note to the payee—in other words, that it was a part of the original transaction.   See *Tucker* v. *English*, 2 Speer, 673, and the comments thereon in the subsequent case

of *Cockrell* v. *Milling*, 1 Strob., at page 447, where Evans, J.,
in speaking of the case of *Tucker* v. *English*, says: "In the very
short report of that case it is said, 'a third person made a single
bill, under seal, payable to the plaintiff or order; the defend-
ant wrote his name on the back.' If this was all the evidence,
then the opinion of the presiding judge, which was affirmed in
this court, that it did not make the defendant a drawer of a
note of hand, was unquestionably correct. If a stranger to the
contract wrote his name on the back of a single bill without
any consideration which might charge him as a guarantor, he
would incur no liability. He could not be charged as drawer,
*for he was no party to the original contract.* But the case of *Tucker*
v. *English* is very different from this case. Here Milling was
a party to the original contract. *His name was on the note be-
fore it was delivered.* It was put there as the security which
the plaintiff required as a condition precedent to the delivery
of the furniture"—for which the note was given (italics ours).

It is very obvious, therefore, that the distinction drawn be-
tween the two cases was not based upon the fact, that in *Tucker*
v. *English* the note was under seal, but upon the fact that in
*Cockrell* v. *Milling* there was evidence showing that the name
of the defendant was written on the back of the note *before the
delivery* of the note to the payee, and was, in fact, a part of the
original contract. Indeed, it appears from the opinion in *Cock-
rell* v. *Milling* that the note there in question was signed by
McDowell, the principal debtor, under his seal. Indeed, we do
not see how, in the very nature of things, it is possible to hold
a third person, who writes his name on the back of a note, as
one of the original makers, until it is shown by evidence that
it was written there at the time of the making of the note.
One cannot be regarded as a joint, or a joint and several maker
of a note, by writing his name on the note after it has been
made and passed beyond the control of the original maker.
One cannot join in making a note which has already been
made and delivered to the payee.

It seems to us, therefore, essentially necessary that in order
to hold a third person liable *as maker* of a note, the mere fact
that his name appears on the back of the note is not sufficient,

but there must be some evidence to show that his name was put there before or at the time of delivery to the payee. And it is not without significance to observe that in the cases of *Stoney* v. *Beaubien*, 2 McMull., 313; *Cockrell* v. *Milling*, 1 Strob., 444; *McCreary* v. *Bird*, 12 Rich., 554; *Watson* v. *Barr*, 37 S. C., 463; *Rey* v. *Simpson*, 22 How., 341, and *Good* v. *Martin*, 95 U. S., 90, cited by appellant, it distinctly appeared that the name of the defendant was endorsed on the note *before* it was de-livered to the payee. It is a mistake to suppose that such fact did not appear in *McCreary* v. *Bird*, as stated by counsel, for O'Neall, J., in delivering the opinion of the court, at page 556, distinctly states the fact, upon which he seems to rely, that "when Mood [the original maker] delivered the note to Mc-Creary [the payee], the defendant's name was upon it," and the same fact is also stated in the report of the Circuit Judge, at page 555.

It is contended, however, that the mere fact that the name of a third person is found endorsed on a note affords a presumption that such endorsement was placed there at the time of the making of the note; and the cases of *Good* v. *Martin*, *supra*, and *Childs* v. *Wyman*, 44 Me., 433, are cited to sustain this view. But the language quoted from *Good* v. *Martin* was evidently not used as an expression of the opinion of the Supreme Court of the United States, but simply as a statement of what was decided in the Maine case of *Childs* v. *Wyman;* and the whole tenor of the opinion of Mr. Justice Clifford shows that he did not accept that view, but, on the contrary, regarded it necessary to show that the endorsement was on the note at the time it was delivered to the payee. We cannot, therefore, accept the view contended for; and, on the contrary, it seems to us the presumption should be the other way, as it certainly is not usual for one to bind himself as *maker* of a note by writing his name on the back of the note of another person.

As there was no evidence in this case tending to show that the name of the defendant was endorsed on the note here in question at the time it was delivered to the original payee, and no evidence that the defendant in any way participated in the

contract made between the original parties, W. L. McDonald and J. R. Boyles, or even knew that such a contract had been made or was even in contemplation, we think the plaintiff utterly failed to make out his case, and there was no error in granting the non-suit.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.