## BANK OF SPARTANBURG v. MAHON.

BANKS—NOTES—INDORSER.—If A. indorse a renewal note with name of payee blank, forwards, it to B., who signs it as maker, and who under authority from A. delivers it to the bank, which fills in name of A. as payee, and surrenders to B. original note, A. thereby becomes a joint maker of the note and not an accommodation indorser. Here A. also received valuable consideration in the surrender of the original notes, and he cannot be considered an accommodation indorser.

*Messrs. Justices Jones and Woods think A. is liable as indorser and not as maker.*

Before DANTZLER, J., Spartanburg, November, 1905. Reversed.

Action by Bank of Spartanburg against G. H. Mahon. From judgment of nonsuit, plaintiff appeals.

*Messrs. Simpson & Bomar* and *M. F. Ansel,* for appellant, cite: 1 McM., 76; 3 Rich., 134; 53 N. Y., 307; 6 Rich., 497; 45 S. C., 519; 1 Dan. Neg. Ins., sec. 142.

*Messrs. McCullough & McSwain,* contra.  *Mr. McCullough* cites: 32 S. C., 229; 7 Rich., 12; 63 S. C., 436; 92 Am. Dec., 99; 51 S. C., 58; 98 Ala., 484; 1 Ency., 336; Norton on Bills and Notes, 107; 45 S. C., 373; 4 Ency., 476; 37 S. C., 463; 41 S. C., 81; 2 Ency., 253.

October 3, 1906.  The opinion of the Court was delivered by

Mr. Justice Gary.  This is an appeal from an order of nonsuit.  The complaint sets out three causes of action, in the first of which it is alleged, that James and Stewart made their promissory note in writing, on the 15th of September, 1904, and thereby promised to pay to the order of the defendant, G. H. Mahon, the sum of $2,000.  The third paragraph of the complaint is as follows: "That the said G. H. Mahon then and there, and before this action was brought, indorsed the said note to the plaintiff herein for value, who is now the legal owner and holder of the same."

The second and third causes of action are upon other notes maturing at different dates, but in other respects the allegations thereof are similar to those set out in the first cause of action.

There was testimony to the effect that the notes in question were renewals of other notes, which the bank held against James and Stewart, and which were indorsed by the defendant; that the notes described in the complaint were executed in the following manner: the bank delivered to James and Stewart blank notes (except as to amounts) for the purpose of being signed by them, and indorsed by the defendant; that the notes were sent to the defendant, who wrote his name across the back thereof, and forwarded them to James and Stewart, who signed as makers; that the notes were then presented to the bank by James and Stewart and the bank filled out the blanks by inserting the name of G. H. Mahon as payee, with the knowledge and consent of James and Stewart.

The grounds of the motion for nonsuit were: "1. That the bank has failed to prove title to these notes. 2. That the undisputed testimony shows that Mr. Mahon indorsed these notes in blank, and that they were subsequently written out and signed by James and Stewart at Spartanburg, Mr. Mahon not being present, and that the insertion by the bank of the name of Mr. Mahon as payee of the notes, was in violation of his rights as an indorser, and made for him a contract, which the bank had no right or authority to make."

The appellant's exceptions merely assign error on the part of his Honor, the presiding Judge, in sustaining the motion for nonsuit, on the grounds just stated, and need not be considered in detail.

The cases of *Stoney* v. *Beaubien,* 2 McM., 319; *Cockrell* v. *Milling,* 1 Strob., 444; *Baker* v. *Scott,* 5 Rich., 310; *Carpenter* v. *Oaks,* 10 Rich., 17; *McCreery* v. *Bird,* 12 Rich., 556; *Watson* v. *Barr,* 37 S. C., 463, 16 S. E., 188, and *Johnston* v. *McDonald,* 41 S. C., 81, 19 S. E., 65, show that G. H. Mahon did not sustain towards the bank the relation of an accommodation indorser, but of a joint maker, as he was a party to the original contract and indorsed the notes before they were negotiated. It cannot be successfully contended that he was an accommodation indorser, for the further reason that he received a valuable consideration when the bank surrendered the notes, previously executed by James and Stewart and indorsed by him.

The general principle as to the effect of inserting in a note the name of a party as payee, who had previously indorsed it, is stated as follows, in the case of *Aiken* v. *Cathcart,* 3 Rich., 133, which was an action by the last indorser, who had paid the note, against the first indorser, to wit: "The insertion of the name of the first indorser, in the blank left for the name of the payee, was not an alteration but the completion of the note. It gave effect to the note, consistently with the liabilities of the parties expressed by their indorsements. The note might then be perfected after a transfer. When the blank was filled in pursuance of the

authority implied by the delivery of the note to the maker, it had relation back to the indorsement, and took effect as if the note were then perfect; for the cases show that when a signature is written to a paper which is intended to have the operation of a negotiable instrument, it becomes such when perfected, from the time when it was signed, so as to support the allegation that the party made or indorsed the note or bill."

The testimony shows that James and Stewart were the agents of the defendant in negotiating the notes. It does not appear that the plaintiff had notice of any limitations imposed upon their power by the defendant. In fact, it does not appear that he gave them any instructions whatever, as to the manner in which the blanks were to be filled. The insertion of the payee's name in the note was within the scope of their employment, as shown by the case of *Aiken* against *Cathcart, supra,* in which the Court says: "Many cases concur to establish that when the indorser of a note commits it to the maker in blank, either in whole or in part, the note carries on the face of it an implied authority to the maker to fill up the blank. As between the indorser and third persons, the maker must under such circumstances be deemed to be the agent of the indorser, and as acting under his authority and with his approbation." Therefore, even if they acted contrary to defendant's instructions, he would nevertheless be liable as payee. *Reynolds* v. *Witte,* 13 S. C., 5; *Rucker* v. *Smoke,* 37 S. C., 377, 16 S. E., 40; *Hutchison* v. *Real Estate Co.,* 65 S. C., 45, 43 S. E., 291; *Mitchell* v. *Leech,* 69 S. C., 413, 48 S. E., 248, 66 L. R. A., 723.

Furthermore, even if it should be conceded that the insertion of the payee's name was not the act of the defendant through his agents, nevertheless they had notice of this fact, while acting within the scope of their employment, and it was binding on him. *American Co.* v. *Felder,* 44 S. C., 478, 22 S. E., 598. Therefore, it was a question to be determined by the jury, whether he had not either acquiesced in such action or was estopped from contesting the point, after

he had received the valuable consideration arising from the satisfaction of the notes previously executed, as hereinbefore mentioned.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MR. JUSTICE JONES *concurs in the result and in the separate opinion of* MR. JUSTICE WOODS.

MR. JUSTICE WOODS *concurring.* I concur in reversing the judgment of the Circuit Court, but being unable to agree with Mr. Justice Gary in the view that Mahon, the defendant, was a maker of the notes sued on, I state briefly the reasons why I think he is clearly liable as indorser, as alleged in the complaint.

The action was brought on three promissory notes by Bank of Spartanburg as indorsee and holder against G. H. Mahon as indorser. The appeal is from an order of nonsuit granted after evidence of the following facts: In 1904, James & Stewart, a firm merchandising in Spartanburg, obtained three blank notes from the plaintiff, Bank of Spartanburg, and after filling the blank for the figures on each of two of the notes with the figures $2,000 and on the other with the figures $2,200, leaving all the remainder of the unprinted portions blank, they sent the notes to the defendant, G. H. Mahon. Mahon wrote his name across the backs of the notes and returned them, intending James & Stewart to use them in the plaintiff bank, but without giving any instructions as to the manner in which the blanks should be filled in. James & Stewart signed the notes and took them to the bank, and the cashier filled out the blanks, inserting the name of G. H. Mahon as payee, and discounted the notes for the credit of James & Stewart. Upon maturity, the notes were protested for non-payment. The motion for nonsuit was granted on two grounds: "(1) That the bank has failed to prove the title to these notes. (2) That the undisputed tes-

timony shows that Mr. Mahon indorsed these notes in blank, and that they were subsequently written out and signed by James & Stewart at Spartanburg, Mr. Mahon not being present, and that the insertion by the bank of the name of Mr. Mahon as payee of the notes was in violation of his right as indorser, and made for him a contract which the bank had no right or authority to make."

When Mahon wrote his name across the backs of the incomplete notes and turned them over to James & Stewart to be used by them, he constituted them his agents to have the notes filled out in such form as would make him liable to the holder. If they had inserted the name of Bank of Spartanburg as payee before presenting them for discount, in that form he would have been liable to the bank as maker. *Stoney* v. *Beaubien,* 2 McM., 319; *Cockrell* v. *Milling,* 1 Strob., 444; *Baker* v. *Scott,* 5 Rich., 310; *Carpenter* v. *Oaks,* 10 Rich., 17; *McCreery* v. *Bird,* 12 Rich., 556; *Watson* v. *Barr,* 37 S. C., 463, 16 S. E., 188; *Johnston* v. *McDonald,* 41 S. C., 81, 19 S. E., 65. But when they carried them to the bank for discount with the name of the payee in blank, the insertion of defendant's name as payee was merely a completion of the notes so as to place him in the position of indorser. By signing his name on the backs of the notes and sending them to James & Stewart to be used by them, he placed in them the power to impose upon him the liability of either a maker or an indorser, according as they saw fit to insert the name of the bank or the name of the defendant as payee. Mahon thus expressed his intention that his signature on the backs should relate forward to the time when the notes should be filled out and completed, and that he should be liable as indorser if the parties to whom they were entrusted or the bank at which they were discounted should insert his name as payee or as maker, if the name of the bank should be inserted as payee. The notes were filled out in the precise form necessary to fix upon him the liability of an indorser as distinguished from a maker, and the Court will give effect to his intention that his signature on the back

of the note should relate to the time of its completion and discount, and hold him liable as an indorser.    The case of *Aiken* v. *Cathcart,* 3 Rich., 133, is conclusive on this point, and the cases of *Armstrong* v. *Harshman,* 23 Am. Rep., 665; *Frank* v. *Lillenfeld,* 33 Grat., 377 (Va.) ; *Michigan Ins. Co.* v. *Leavenworth,* 30 Vt., 11; *Kayser* v. *Hall,* 28 Am. Rep., 624; *Weston* v. *Myers,* 33 Ill., 424; *Dunham* v. *Glogg,* 30 Md., 284; *Schooler* v. *Tilden,* 71 Mo., 580, are to the same effect.    These with other authorities sustain the principle that the bank where the note was to be discounted had the right to insert the name of the indorser as payee.    On the note so completed he was manifestly liable as an indorser and not as a maker.

The point was strenuously pressed in argument that the nonsuit should be sustained on the ground that there was no proof that the defendant was an indorser *for value,* as alleged in the complaint, as distinguished from an accommodation indorser.    Assuming, without deciding that there was no proof of consideration to the defendant for his indorsement, that could not acquit him of his liability as indorser to the bank which discounted the note.    The fact that the bank parted with money or something else of value on the faith of the indorsement is sufficient to support the allegation that the defendant as to the bank was an indorser for value.