## 9899

### FIRST NAT. BANK OF HARTSVILLE v. WOOD *ET AL.*

#### (95 S. E. 140.)

1. BILLS AND NOTES—NEGOTIABILITY.—Under Negotiable Instruments Act (Laws 1914, p. 668), a note is negotiable when the payee's name is left blank, when it passes by delivery, or when payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable.

2. BILLS AND NOTES—WHEN NOT NEGOTIABLE.—Under Negotiable Instruments Act, a note is not negotiable if payable to a known and existing person unless he endorses it, or, if the payee's name is inserted, unless such payee indorses the note.

3. BILLS AND NOTES—"MATERIAL ALTERATION"—INDORSER'S LIABILITY. —Where defendants indorsed a note and returned it to the maker with the payee's name left blank, the maker exhausted his implied authority by inserting a payee's name, and the subsequent addition of the words "or bearer" was a material alteration under the Negotiable Instrument's Act rendering defendant indorsers not liable.

Before DEVORE, J., Darlington, Fall term, 1916. Reversed as to appellants and affirmed as to other defendants.

Action by the First National Bank of Hartsville, S. C., against D. E. Wood, W. B. Gay, I. M. Johnson and others. Judgment for plaintiff, and the named defendants appeal.

*Messrs. E. Earle Thornwell* and *E. O. Woods,* for appellants, cite: *As to alteration of note after delivery:* 32 S. C. 238; 91 S. C. 138; 2d Am. & Eng. Ency. of Law 183; 91 S. C. 135; Joyce on Defenses to Commercial Paper, sec. 161; 2d Corpus Juris 1206; 8 Corpus Juris 728; 23 L. R. A. 599; 37 Am. Rep. 68; 10 Amer. St. Rep. 238; 86 Amer. St. Rep. 95-107; Brannon's Negotiable Instrument Law 127,

notes, secs. 124 and 125; Dudley 243; 81 Amer. St. Rep. 107; 31 Conn. 170; 86 Am. St. Rep. 109; Corpus Juris, vol. VIII, 182; 160 Fed. 245.

*Messrs. Miller & Lawson,* for respondent, cite: *As to alteration of written instruments:* 2 C. J. 1223; 35 S. C. Eq. (14 Rich. Eq.) 69; 1 R. C. L. 994; 2 C. J. 1225; 35 Va. (Leigh) 43; 36 Am. Dec. 767; 8 C. J. 203; 28 Stats. 672; 28 Stats. 671; 2 C. J. 1225; 1 R. C. L. 1026; 3 Rich. Law 133 (45 Am. Dec. 764); 8 S. C. 290 (28 A. R. 294); 6 Rich. L. 497; 1 L. R. A. 648; 13 S. C. 338; 75 S. C. 255 (55 S. E. 529); 78 S. C. 531 (59 S. E. 639); 50 A. D. 632; 49 A. D. 790; 75 A. D. 330; 8 S. C. 290; 13 S. C. 358; 1 Dan. on Negotiable Instruments, sec. 599; 3 McCord 480; 231 Fed. 76 (L. R. A. 1916f, 289); 35 N. J. L. (10 Am. Rep. 232); 109 Minn. 85 (122 N. W. 363); 3 Page Const., secs. 1514, 1515; 22 Mich. 257; Ann. Cases 1914a, p. 59 (note); 2 C. J. 1233 and 1236; 18 Ann. Cases, 223; 2 Cyc. 152; 1 R. C. L. 983; 2 Cyc. 152; 69 S. C. 65 (104 Am. St. Rep. 791); 2 Don. Neg. Inst. (3d ed.), sec. 1373; 2 Ency. Law (2d ed.) 214; 45 S. C. 46; 37 S. C. 145; 2 C. J. 1256; R. C. L. 1033; 2 C. J. 1279; 17 S. C. 477; 24 S. C. 359; 46 S. C. 220; 59 S. C. 591; 66 S. C. 18.

January 30, 1918.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action on a promissory note, of which the following is a copy:

"The People's Bank, Hartsville, S. C.    $500.00.    Hartsville, S. C., Oct. 8, 1914.    Jan. 1, 1915, after date I promise to pay to the order of C. McDonald, or bearer, at the Peoples Bank, Hartsville, S. C., five hundred dollars, with discount before and interest after maturity at the rate of —— per cent. per annum, and attorney's commission at usual rate upon amount unpaid, in case of suit or collection through an

attorney. Value received. No... Jan. 1st, 1915. Due 652. D. E. Wood."

The words "or bearer" appear in face of note in different ink and writing.

The following indorsements in their order of indorsement, appear upon the back of the note:

"W. T. De Witt, W. B. Gay, L. A. Wood, I. M. Johnson, G. B. Newsome. Indorsed without any recourse on me. G. McDonald."

Across the face of the note:

"Hartsville, S. C., ——, 1915. Protested for nonpayment. E. P. Rogers, Notary Public. Charges, $1.25."

The jury rendered a verdict in favor of the plaintiff for the full amount demanded, and the defendants, W. B. Gay and I. M. Johnson, appealed.

The appellants interposed as a defense that the name of C. McDonald was inserted in the note as payee before it was delivered to D. E. Wood, the maker, for whose accommodation they indorsed it, and that the words "or bearer" were inserted thereafter, by the cashier of the said bank, under the direction of the maker before the note was negotiated; that the said alteration was material and destroyed the negotiability of the note. It was admitted that the words, "Indorsed without any recourse on me," over the signature of McDonald, as well as McDonald's signature, were inserted after the maturity of the note, and shortly before the commencement of this action.

His Honor, the presiding Judge, charged the jury that, if C. McDonald was named in the note as payee before it was delivered to D. E. Wood, the maker, by the defendants, with their indorsements thereon for his accommodation, then the alteration of the note by adding the words "or bearer" was material, and destroyed its negotiability, but, if the name of the payee was left blank, and the name of C. McDonald was not placed in the note as payee until thereafter, that the addition of the words "or bearer" by the cashier under the

direction of the maker before the note was issued to the bank was immaterial, and did not destroy its negotiability.

When the note was indorsed by the defendants, it was the expectation of D. E. Wood to borrow the money from C. McDonald, who refused to make the loan. He then endeavored to negotiate the loan with the plaintiff. The cashier of the bank testified that the name of C. McDonald was not in the note as payee at that time, and that the blank for the name of the payee had not been filled; that when D. E. Wood came again the blank had been filled by inserting the name of C. McDonald as payee; that he added the words "or bearer" by direction of D. E. Wood and then discounted the note.

The vital question in the case is whether there was error on the part of his Honor, the Circuit Judge, in ruling that, if the name of the payee was left blank when it was indorsed by the defendants, and the maker afterwards filled the blank by inserting the name of C. McDonald, the negotiability of the note was not destroyed by the addition of the words "or bearer."

Section 9 of the act relating to negotiable instruments (Laws 1914, p. 670) provides:

"The instrument is payable to bearer: (1) When it is expressed to be so payable; or

"(2) When it is payable to a person named therein, or bearer; or

"(3) When it is payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable; or

"(4) When the name of the payee does not purport to be the name of any person."

Section 14 is as follows:

"Where the instrument is wanting in any material particular, the person in possession thereof has a *prima facie* authority to complete it, by filling up the blanks herein. * * * In order, however, that any such instrument when completed, may be enforced against any person who became

a party thereto, prior to its completion, it must be filled up strictly in accordance with the authority given and within a reasonable time.   But if any such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given and within a reasonable time."

Section 30 provides that: "If payable to bearer, it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

Section 124 is as follows: "Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided."

Section 125 is as follows: "Any alteration which changes * * * number or the relation of the parties * * * or any other change or addition which alters the effect of the instrument in any respect is a material alteration."

A note is negotiable: (1) When the name of the payee is left blank, in which case it passes by delivery; (2) when it is payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable, but it is not negotiable if payable to a known and existing person, unless he indorses it; and (3) when the name of the payee is inserted unless he indorses the note.

The maker has the *prima facie* authority to insert the name of the payee, but he must act in strict accordance with his implied authority.   When he has inserted the name of the payee, his authority is thereby exhausted, and the note from that moment has relation back to the delivery of the note to the maker by the indorsers, and has the same force and effect as if the name of the payee had been originally inserted.

"When the indorser of a note commits it to the maker in blank, either in whole or in part, the note carries on the face of it an implied authority to the maker to fill up the blank.

As between the indorser and third persons, the maker must, under such circumstances, be deemed to be the agent of the indorser, and as acting under his authority. * * * When the blank was filled in pursuance of the authority implied by the delivery of the note to the maker, it had relation back to the indorsement, and took effect as if the note were then perfect; for the cases show that, when a signature is written to a paper which is intended to have the operation of a negotiable instrument, it becomes such when perfected from the time when it was signed so as to support the allegation that the party made or indorsed the note or bill." *Aiken v. Cathcart,* 3 Rich. 133, 45 Am. Dec. 764, cited with approval in *Bank v. Mahon,* 75 S. C. 255, 55 S. E. 529.

The authority to complete the note by inserting the name of the payee does not authorize the maker to alter the note in any material respect, and consequently he has not the authority to alter the note by making it payable to bearer, as a note payable to order is materially different from one payable to bearer.

The addition of the words "or bearer" was a material alteration affecting the negotiabiliy of the note either by reason of making it inconsistent as to the payee, or by rendering useless the insertion of the payee's name, in accordance with the implied authority to fill the blank by naming the payee. The addition of the words "or bearer" could not be given effect, without practically erasing so much of the note, as made it payable to order. When the maker completed the note by naming the payee, he could not make any further changes inconsistent with the note as thus completed.

"While it is undoubtedly the general rule that no authority from the maker to alter will be implied, here is an equally undoubted exception of as frequent application as is the general rule itself. This exception has reference to the authority from the maker which is said to be implied from the delivery to another of an instrument containing blanks, which should ordinarily be filled. * * *

"But this implied authority is by no means unlimited. While it is permissible to fill blanks with any sum, place of payment, etc., it is not permissible to erase any portion of the instrument.   Any alteration of the instrument in a part in which it is complete and perfect, is a material alteration, and vitiates the instrument.   The implied authority to fill blanks, does not carry with it the authority to vary or alter the material terms of erasing what is written or printed as a part thereof, nor to pervert its scope or meaning by filling blanks with terms repugnant to what was plainly expressed in the instrument, nor by adding terms which are not necessary to the completion of the writing or instrument.   The reason for this limitation is obvious, and is well expressed in *Mahaiwe Bank v. Douglass,* 31 Conn. 170: 'Where one indorses an inchoate instrument, the presumed authority which passes from the indorser with the instrument is only to fill up existing blanks in order to complete the instrument begun.   It can never be presumed that a special agent is authorized, not only to do what his principal has left undone, but also to undo what his principal has done, and do another thing instead of it.' "   *Burgess v. Blake,* 128 Ala. 105, 28 South. 963, 86 Am. St. Rep. 78.

A change in a note payable to order by striking out the words "or order" and inserting after the name of the payee the words "or bearer" is a material alteration.   Crawford's Ann. Neg. Inc. Law 210, 211.

Judgment reversed as to appellants, and affirmed as to defendants who did not appeal.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. JUSTICE WATTS.   I must dissent to the opinion of Chief Justice Gary herein.   I think his Honor, the Circuit Judge, correctly laid down the law, and that the exceptions should be overruled, and the judgment affirmed.   The maker of the note sued on and the indorsers signed the note with intent to have some one discount it.   At that time the

maker expected to get C. McDonald to discount the note. After the maker and indorsers had signed the note and left it with the maker, he inserted the name of McDonald as payee. When he approached McDonald, he declined to discount the note. The maker then went to the plaintiff. The maker had never parted with possession of the note. The cashier of the plaintiff, with the consent of the maker, who was the owner and holder thereof, inserted the words "or bearer." This was not a material alteration, and did not add to or substract anything from the negotiability of the note. When the maker signed the note in blank and the indorsers signed it in blank, it was their intention to have some institution or individual to discount the note, and they were bound to pay the same, and the addition of the words "or bearer" did not in any manner affect the negotiability of the note, and the addition of these words should not relieve the indorsers from their solemn obligation to pay the note. When the indorsers signed the note in blank, it gave the maker full authority to fill it in and put any words in he saw fit to make it negotiable. He put McDonald's name in. He declined to discount it. The maker, still retaining it, went to plaintiff, and in order to satisfy plaintiff's cashier inserted the words "or bearer." If the words were necessary to render it negotiable, the maker had full authority to insert the words. The indorsers having signed in blank and left it with the maker to do what was fit and necessary to get it discounted, and he putting McDonald's name as payee first, and later with his consent as maker permitting the words "or bearer" to be inserted in order to get the money and actually receiving the money, the indorsers will not now be heard to complain and avoid the payment of an honest debt to the detriment of an innocent purchaser. This would not be in accord with morals or law. The only question that could arise in the case would be who owned the note, the plaintiff or McDonald? That issue is eliminated. McDonald makes no claim to the note, has actually signed it

to the plaintiff.   Plaintiff is in possession.   That is *prima facie* evidence of ownership under *Coleman v. Dunlap,* 18 S. C. 594; *Stoddard v. Hill,* 38 S. C. 392, 17 S. E. 138; *Talbert v. Talbert,* 97 S. C. 143, 81 S. E. 644.

There is not such an alteration as to vary the note in any material particular so as to allow the indorsers to avoid its payment.   They should be required to pay what they promised to pay.   The maker only filled in the blank space so as to complete the instrument in order that he might get the note discounted and get the money which was the object of making and indorsing the note.   It does not matter if he put McDonald's name at one time and "or bearer" was allowed by him to be inserted at another.   The indorsers signed the blank and allowed him to go off with the note. This action on their part gave the maker full authority to complete the instrument in full by filling in any words necessary to negotiate the same, and nothing has been done that should relieve the indorsers.

MR. JUSTICE GAGE concurs.