### 9186

#### LAYTON v. LEWIS.

#### (86 S. E. 483.)

BILLS AND NOTES. PARTIES. MONEYS PAID OUT. ISSUES. CHARGE. EVIDENCE.

1. BILLS AND NOTES—PARTIES.—Where a person, not otherwise a party to an instrument, places thereon his signature in blank, after delivery, without any consideration which might charge him as guarantor, he incurs no liability; and the mere fact that the maker of the instrument had paid such person the moneys which he had obtained thereon from the payee, made him no party to the instrument, or contract by which the loan was made.

2. CHARGE—APPLICABILITY OF ISSUES.—Where the issues were whether or not defendant had at plaintiff's request paid the debt of a third party, upon her promise to repay him in brick, the Court properly refused a request to charge, which ignored such issues.

2a. SET-OFF AND COUNTERCLAIM—ESTOPPEL TO ASSERT.—Where defendant paid a debt which plaintiff had assumed, the fact that on plaintiff's refusal to deliver brick in payment defendant consented to pay for some of the brick in cash does not estop him from setting up his payment as a counterclaim for the purchase price of other brick.

3. EVIDENCE—APPEAL AND ERROR.—The exercise of the discretion of the trial Court, in excluding testimony as to the opinion of a witness, is not an abuse, where all the facts are before the jury who could form their own opinions, and the opinion of the witness is of little weight and will not be disturbed on appeal.

Before HON. M. L. BONHAM, special Judge, Marion, November, 1912. Affirmed.

---

. FOOTNOTE.—As to necessity of new consideration to bind third person who signs as surety, indorser or guarantor after execution and delivery of original note by principal, see note in 44 L. R. A. (N. S.) 481.

Action by Mary E. Layton against Herbert A. Lewis. From a judgment on counterclaim in favor of the defendant, plaintiff appeals. The facts are stated in the opinion.

*Mr. L. D. Lyde,* for appellant, cites: *As to first exception:* 2 Speer 673; 7 Cyc. 674; 69 Am. Dec. 111. *As to second exception:* 78 S. C. 166; 34 Cyc. 652; 81 S. C. 332.

*Mr. A. F. Woods,* for respondent, cites: *As to statute of frauds:* 20 Cyc. 188 and 195; 29 S. C. 9; 68 S. C. 376; 68 S. C. 392; 88 S. C. 415. *First exception:* 41 S. C. 81. *Second exception:* 65 S. C. 539; 66 S. C. 449; 96 S. C. 106. *Estoppel:* 42 S. C. 351; 67 S. C. 449.

August 28, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action was commenced 12th November, 1910, upon an account for certain brick alleged to have been sold and delivered by the plaintiff to the defendant.

The defendant answered, denying the allegations of the complaint, pleading payment and setting up a counterclaim. The answer claimed that the plaintiff applied to the bank for a loan of seven thousand dollars. That the bank required as a condition of the loan that the plaintiff would assume and pay certain notes of her deceased husband. That the plaintiff finding that the surplus, after paying these notes, would not be sufficient for her purposes, applied to the defendant to pay for her one of these notes for about five hundred dollars. That the defendant agreed to pay this note, and did so, and that the plaintiff would, from time to time, repay the defendant in brick, and that the account for brick set up in the complaint was a payment on this contract, and set up a counterclaim for the balance of about four hundred dollars.

The plaintiff in reply denied the allegation of the answer, and set up the statute of frauds as to a promise to pay the debt of another. The testimony was very conflicting. The verdict was in favor of the defendant for the counterclaim.

Plaintiff appealed upon the following exceptions:

Exception 1. "Because his Honor erred, it is respectfully submitted, in charging the jury that if the note referred to in the counterclaim of the defendant was indorsed by him after the delivery thereof, he would not be under any legal liability to pay the same; in that, the fact that the said note was indorsed subsequently to the delivery thereof, if such was the fact, does not of itself show that the defendant was not legally bound to pay the same; and there was testimony in the case from which the jury would have been warranted in finding that the defendant was legally bound to pay the said note, although it was indorsed by him subsequently to the delivery thereof."

This exception can not be sustained. The only thing that appears in the record as to the name of Hamer and Lewis on the note is, that after the death of Mr. Layton, Mr. Lewis wrote the words Hamer & Lewis on the note for the protection of the bank.

*Johnson* v. *McDonald,* 41 S. C. 84, 19 S. E. 65, says: "If a stranger to the contract wrote his name on the back of a single bill without any consideration which might charge him as guarantor, he would incur no liability."

The fact that Hamer and Lewis were paid the money after Mr. Layton got it from the bank, did not make them parties to the contract by which the loan was made.

Exception 2. "Because his Honor erred, it is respectfully submitted, in refusing to charge plaintiff's fifth request, as follows: 'If you find from the evidence that the plaintiff refused to deliver to the defendant the brick sued for in this action, on account of the note of her deceased husband, D. A. Layton, mentioned in the counterclaim set up by the defendant, and that in consequence of such

refusal, the defendant agreed with the plaintiff that if she would deliver the said brick he would pay her in cash for the same, and that pursuant to said agreement of defendant to pay cash, the plaintiff delivered to the defendant the said brick, he would be estopped to set up a counterclaim in this action, and your verdict should be for the plaintiff, if you find that the defendant has not paid for the said brick;' in that the request above set forth is a correct statement of law, applicable to the issues and the testimony in the case; the counterclaim set up by the defendant having arisen, as alleged, out of the note of plaintiff's deceased husband, D. A. Layton, and there being testimony in the case from which the jury would have been warranted in finding that the plaintiff refused to deliver to the defendant the brick sued for in this action, on account of the said note, and that in consequence of such refusal the defendant promised the plaintiff that if she would deliver the said brick he would pay her for the same, and that it was pursuant to this independent agreement that the said brick were delivered; and it is respectfully submitted that if the jury found from the testimony that this state of facts existed, and that the account sued on has not been paid, the plaintiff was entitled to recover."

This exception can not be sustained.

The defendant claimed that the brick delivered was part payment on the money he advanced to pay the five hundred dollar note, and the counterclaim was for the balance. The questions for the jury were: Was there a contract between the plaintiff and the defendant by which the defendant agreed to pay this note of Mr. Layton, which Mrs. Layton agreed with the bank to assume; did he pay it, did Mrs. Layton agree to repay Mr. Lewis from time to time in brick? If the jury so found, then it is not a matter of law to be charged to the Judge, that a single indulgence on one shipment of brick was an annulment of the whole contract and precluded any counterclaim whatever.

Exception 3. "Because his Honor erred, it is respectfully submitted, in refusing to allow the witness, Henry Mullins, to testify as to whether the defendant was interested to see that the note set forth in the counterclaim was paid, on the ground that this would be an opinion of the witness; in that the witness was president of the Bank of Marion, to which the note was given, and the note was indorsed by the defendant in his firm name of Hamer & Lewis, and the witness was in a position to know whether the defendant had any interest in the payment of the said note, and the exclusion of such testimony was highly prejudicial to the plaintiff, for the reason that one of the issues in the case was whether the defendant was himself legally bound to pay the said note."

To allow or disallow this question was clearly within the discretion of the trial Judge. All the facts were before the jury. They could form their own opinions and the opinion of the witness was of little weight. There was no abuse of discretion.

The judgment is affirmed.