13530

FOLK, EX'OR, v. FELDER
SAME v. FELDER ET AL.

(167 S. E., 27)

*Messrs. Kearse & Kearse,* for appellant,

*Mr. E. H. Henderson,* for respondent,

December 13, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

These two cases were heard together, by consent of counsel, by Hon. G. B. Greene and a jury.

The first of them is brought on a note for $622.60, which B. T. Felder gave to State Loan & Savings Bank dated the 3d day of November, 1927, and payable the 3d day of November, 1928. The second action is upon a note given to State Loan & Savings Bank by J. C. Moye for $104.77, dated February 29, 1928, and payable October 1, 1928. This note was indorsed by B. T. Felder.

April 16, 1928, the State Loan & Savings Bank pledged these notes, along with other securities, to Edisto National Bank as collateral to a note for about $25,000.00 given for money borrowed of Edisto National Bank by the State Loan & Savings Bank.

The State Loan & Savings Bank became insolvent and closed its doors October 17, 1928. E. C. Hayes was appointed receiver of its assets November 23, 1928.

We shall speak of State Loan & Savings Bank as State Bank and Edisto National Bank as Edisto Bank.

These actions were begun by E. C. Hayes in his lifetime, and are continued by his executor. His contention is that E. C. Hayes became the owner and holder of these notes in the following manner: Hayes was surety on the note of

State Bank to Edisto Bank, and paid to the latter the balance due on said note on the 26th day of October, 1928, and that Edisto Bank then transferred to him the note of the State Bank and all the collateral securities it held, including the two notes which are the bases of these two actions. That Hayes advertised the notes in question and sold them at public auction April 9, 1930, and purchased them individually.

The note of State Bank to Edisto Bank was not indorsed by Edisto Bank, nor was there any assignment on the back of it by Edisto Bank.

The note of Moye, indorsed by Felder, contained no indorsement, nor assignment by State Bank to Edisto Bank, nor by Edisto Bank.

Moye does not defend the action. Felder defends both actions. His contention is that the notes were the property of the receiver of the State Bank. He denies that they are owned by the estate of Hayes. He further contends that the amount due on these notes should be set off against a deposit which he had in the State Bank much in excess of the amount due on the notes. He further contends that Hayes was receiver of State Bank; that defendant's deposit has not been paid to him; that plaintiff is not holder in due course of the notes sued upon for the reason that he took them with notice of the equities and defenses and right of set-off of this defendant; and for the reason that he took them after their maturity, and that for other reasons Hayes was not a holder in due course.

At the conclusion of the testimony the plaintiff moved for a direction of a verdict in his favor for the amount due on both notes.

The defendant Felder moved for a verdict in his favor in the second case, which was founded on the Moye note.

The presiding Judge overruled both motions, saying there was sufficient evidence to take the case to the jury on the question of the ownership of the notes. The jury found for the defendant in both cases.

From the judgment entered on these verdicts plaintiff appeals.

It appears from the evidence that E. C. Hayes was a director and vice-president of the State Bank, and was appointed its receiver November 23, 1928.

There are five exceptions, but as appellant's attorneys state in their brief: "The cases can be decided by the solution to the following question: Were the two notes in suit owned by E. C. Hayes, individually, or by him as receiver of the Savings Bank?" (State Bank.)

Counsel for respondent gave notice that he would ask the Court to sustain the judgment of the lower Court in the second case, involving the Moye note, on the additional ground that his Honor should have directed a verdict in that case on the ground that the Moye note is not indorsed by State Bank and therefore Edisto Bank was not a holder in due course, and that bank could not transmit any such right to Hayes; and that Hayes is not a holder in due course on his own status because the evidence shows that he acquired the note after it was past due and subject to respondent's defenses, equities, and offsets.

We agree with counsel for the appellant that the answer to the question they propounded in their brief, and the question contained in respondent's additional grounds, will be determinative of the case.

1. Did Edisto Bank obtain the notes involved in these two cases from State Bank in due course?

If it did so obtain them, did it transfer them to Hayes in due course?

2. Did Hayes acquire the notes in his own right, or did they become the property of the receiver of the closed State Bank?

A "holder in due course" under the Uniform Negotiable Instruments Law, as set out in Section 6803, Vol. 3, Civil Code 1932, is one who has taken the instrument under the following conditions: (1) That it is complete and regular

upon its face. (2) *That he became the holder of it before it was overdue,* and without notice that it had been dishonored, if that was the fact. (3) That he took it in good faith and for value. (4) That at the time it was negotiated to him, he had no notice of any infirmity in the instrument, *or defect in the title of the person negotiating it.* (Italics added.)

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the endorsement of the holder completed by delivery." Section 6781, Vol. 3, Civil Code 1932 (Negotiable Instruments Law).

"The endorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the endorser, without additional words, is a sufficient endorsement." Section 6782, *Ibid.*

A holder not in due course takes the instrument subject to the same defenses as if it were nonnegotiable. Section 6809, *Ibid; Ives v. Rutland,* 135 S. C., 173, 133 S. E., 539; 8 C. J., 388.

"Where the holder of an instrument payable to his order transfers it for value without endorsing it, the transfer vests in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the endorsement of the transferer. *But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the endorsement is actually made."* (Italics added.) Section 6800, Vol. 3, Civil Code 1932 (Negotiable Instruments Law).

"A note is not negotiable if payable to a known and existing person unless he indorses it, or, if the payee's name is inserted, unless such payee indorses the note." *First Nat. Bank of Hartsville v. Wood,* 109 S. C., 70, 95 S. E., 140, L. R. A., 1918-D, 1061.

"The transfer of a negotiable instrument is effected either by endorsement and delivery of the paper to the transferee, or by delivery only." 3 R. C. L., 966, § 174.

That is to say, if the instrument is payable to order, the transfer must be effected by written indorsement and delivery; if it be payable to bearer, delivery alone is sufficient.

With these established principles of law in view, let us scan the facts of these two cases as disclosed by the evidence.

As to the first case—that against B. T. Felder on his indorsed note to State Bank for $622.60 dated November 3, 1927, and payable November 3, 1928: It is fully established that Edisto Bank transferred this note to E. C. Hayes October 26, 1928, before its maturity. This note had been indorsed by State Bank and delivered to Edisto Bank as collateral security to its note to Edisto Bank. *It was not indorsed by Edisto Bank when it transferred it to Hayes.* If it had so indorsed it, Hayes would have taken it just as Edisto Bank acquired it, freed of any defenses, equities, and/or set-off which the maker had against the original payee. Since it was not so indorsed, Hayes acquired such title as Edisto Bank had in it, with the right also to require Edisto Bank to indorse it. But he did not become a holder in due course until such indorsement was made. Section 6800, Civil Code 1932 (Negotiable Instruments Law).

In the second case founded on the Moye note, State Bank had never indorsed the note to Edisto Bank; therefore the Edisto Bank did not acquire it as a holder in due course, and Hayes did not acquire it from that Bank as a holder in due course. Moreover, Hayes acquired it after its maturity. Its due date was October 1, 1928; he acquired it October 26, 1928. He took it subject to any equities which the maker and the indorser had in it.

But plaintiff contends that Hayes also acquired title to these notes by purchase at a sale at public auction made by Hayes April 9, 1930, while he was receiver of the State Bank.

One gathers from the record that when State Bank borrowed $25,000 from Edisto Bank two notes were given, one for $15,000 signed by the directors of the bank and indorsed by E. C. Hayes, and one for $10,000 signed by E. C. Hayes and indorsed by the directors. An assignment second in rank to that to Edisto Bank was made by the directors of the State Bank.

This brings us to the consideration of the cardinal issue running throughout the whole case: Did Hayes purchase the $65,000 of collateral assigned to Edisto Bank by State Bank in his own right, or as vice president and director of State Bank, and for the benefit of those interested in the second assignment? In other words, has the plaintiff, as executor of E. C. Hayes, the title to the two notes upon which the two cases are founded?

If Hayes purchased the larger note involved in the first case from Edisto Bank in his individual capacity, he acquired it before its maturity and took it free of any equities of Felder, unless he had such knowledge of such equities as would bind him. But he holds subject to the equities of the holders of the second assignment.

If he purchased the Moye note, which is the basis of the second suit, in his individual right, insomuch as it was never indorsed by State Bank to Edisto Bank, he acquired it after its maturity and took it subject to any equities which Moye and Felder had in respect to it.

Did he sell all of the securities acquired by him from Edisto Bank? Did he sell part of them including these two notes? Did he sell them subject to the equity of the holders of the second assignment?

Is there testimony bearing upon all these questions?

Mr. Whetsell, assistant cashier of Edisto Bank, a witness for plaintiff, testifies as follows:

"Q. What authority did you have to turn over the notes to some one else? A. We had authority of a second assignment. * * *

"Q. Why didn't you return those papers to the State Loan & Savings Bank? * * * A. Because Mr. E. C. Hayes had a second assignment."

On re-direct examination he said:

"Q. Then when Mr. E. C. Hayes paid the note did you turn them over to him? A. Yes, sir; because we knew he had a second assignment of them, and he paid the note too."

J. Frank Folk, as executor, plaintiff, testified that he was formerly bookkeeper for E. C. Hayes individually and was receiver of the bank. When asked whether Mr. Hayes was the owner of the B. T. Felder note and the J. C. Moye note, he answered: "I know that certain papers were transferred to Mr. Hayes by the Edisto National Bank and those two notes were in there."

He testified further, as follows:

"Q. Does the Bank, or you as Receiver, own or claim the notes at this time? A. Not until certain equities are settled.

"Q. Those equities are not settled? A. No, sir."

On cross-examination he was asked:

"Q. Don't you think it very likely that Mr. Hayes was selling them as Receiver? (Referring to these notes.) A. I think not. Being associated with Mr. Hayes in the Receivership, *I know he had the equity in the transfer of papers from the Edisto National Bank,* and that would have to be satisfied before anything could go to the Receiver." (Italics added:)

But it is in evidence that the equity under the second assignment was not alone in Mr. Hayes, but in all the directors who indorsed the notes to Edisto Bank, and there is no evidence that they authorized Mr. Hayes to sell the securities.

He further testified that Mr. Hayes had personally received all the money collected on these collaterals; that he as receiver had not received any; that when he got it he would apply it to the assignment.

There were put in evidence certain records of judgments recovered by E. C. Hayes, as receiver of State Loan & Savings Bank, against sundry persons on papers which were included in the batch of collaterals which were assigned by State Bank to Edisto Bank and transferred by Edisto Bank to E. C. Hayes.

Here was contradictory evdience challenging the ownership of the B. T. Felder note and the J. C. Moye note, which not only warranted the Circuit Judge in submitting the issue of ownership to the jury, but which made it his imperative duty to do so. The jury has found that Mr. Hayes was not the owner of the notes, and there is evidence to sustain the finding. The plaintiff as executor of the will of E. C. Hayes cannot maintain this action.

The defendant Felder in his answer asks for judgment for leave to offset *pro tanto* the amounts due on these two notes against his deposit of $4,000.00 which he had in State Bank when it closed.

It follows from the judgment of the lower Court and our conclusion sustaining it that these two notes are the property of the State Loan & Savings Bank and are assets in the hand of its receiver. Unquestionably Felder is entitled to have offset now, the amount due on his individual note against his deposit. Plaintiff contends that the right of offset on the Moye note cannot be allowed because there is no proof that Moye is insolvent. It is significant that Moye did not defend the suit. But that is immaterial. Plaintiff was not obliged to sue Felder and Moye together.

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes may all, or any of them, be included in the same action, at the option of the plaintiff." Section 407, Code Civ. Proc. 1932.

"Where an endorser is sued, he may set off against his obligation any debt which the holder of the note may owe him." 8 Corpus Juris, 804.

112

If the receiver of the bank collects the amount of the Moye note from Moye himself, he will not, of course, call on Felder as surety. If he does call on him, Felder may offset the amount he is called on to pay as against his deposit in the bank.

The judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MR. JUSTICE STABLER concur.

MR. JUSTICE CARTER disqualified.